UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD A. MAHON,

                          Plaintiff,

                                                           Case # 15-CV-398-FPG

v.

                                                           DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                          Defendant.
_____

## INTRODUCTION

Plaintiff Richard A. Mahon ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 15. For the reasons stated below, Plaintiff's motion (ECF No. 11) is GRANTED, the Commissioner's motion (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On July 21, 2011, Plaintiff protectively filed applications for DIB and SSI under the Act. Plaintiff alleges disability since May 27, 2011[1] due to physical and mental impairments. Tr.[2]

---

[1] Plaintiff initially alleged that he was disabled beginning on April 4, 2010. Although the briefs filed by both Plaintiff and the Commissioner indicate that Plaintiff amended his onset date to October 17, 2011, both parties cite to a document in the record that lists May 27, 2011 as Plaintiff's amended onset date. The ALJ's written decision also lists May 27, 2011 as Plaintiff's amended onset date. The Court will use May 27, 2011 as Plaintiff's onset date.

[2] References to "Tr." are to the administrative record in this matter.

176, 19-27. After these applications were denied, a hearing was held before Administrative Law Judge William M. Weir ("the ALJ") on January 25, 2013. Tr. 42-76. At the hearing, Plaintiff appeared with his attorney and testified. *Id.* On June 24, 2013, after considering Plaintiff's applications *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 19-27. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 6, 2015. Tr. 1-6. Plaintiff then timely filed this civil action. ECF No. 1.

## LEGAL STANDARDS

### I.   Disability Determination

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d), 1382c(a)(3)(A). Social Security Administration regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment

does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is then used in the fourth and fifth inquiries. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

II.  **District Court Review**

District Court review of the Commissioner's decision is not *de novo*. *See, e.g., Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g., Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

I.  **The ALJ's Decision**

In this case, the ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 27, 2011, his alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: diabetes mellitus, obesity, lower back pain, and depressive disorder. Tr. 22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment in the Listings. *Id.*

The ALJ then determined that Plaintiff retains the RFC to perform the full range of light work[3] but with some additional non-exertional limitations. Specifically, the ALJ found that Plaintiff "is limited to simple, repetitive and routine tasks with no more than occasional interaction with co-workers, supervisors, and the general public." Tr. 23.

At step four, the ALJ found that Plaintiff's RFC renders him unable to perform his past relevant work as a driver and bus driver. Tr. 25-26.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 26. In making this determination, the ALJ did not consult a vocational expert. Instead, the ALJ relied solely upon the Medical-Vocational Guidelines, 20 C.F.R. Pt.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

404, Subpt. P., App. 2 ("the Grids"). *Id.* Although the ALJ had determined that Plaintiff's ability to perform light work was compromised by non-exertional limitations, the ALJ stated that "the additional limitations have little or no effect on the occupational base of unskilled light work."[4] *Id.* Because a finding of "not disabled" was directed by Medical-Vocational Rule 202.21, the ALJ concluded that Plaintiff is not "disabled" under the Act. *Id.*

## II. Plaintiff's Challenge

Plaintiff argues that remand is warranted because the ALJ improperly disregarded the medical opinion of consultative examiner Harbinder Toor, M.D. ("Dr. Toor"). ECF No. 11-1, at 8-10. The Court agrees.

It is well established that an ALJ cannot substitute his or her own judgment for a competent medical opinion. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). Under the so-called "treating physician rule," a medical opinion rendered by the claimant's "treating source" must be given controlling weight if based upon well-supported, medically acceptable techniques and not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). With respect to medical opinions from other acceptable medical sources, the ALJ is required to consider the following factors when deciding how much weight the opinion deserves: (1) whether the source of the opinion has examined the claimant; (2) the length, frequency, and nature of the treatment relationship; (3) whether the medical source presents relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the medical source is a specialist in the relevant issue; and (6) other relevant factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c).

---

[4] Courts throughout the Second Circuit have found that this type of conclusory language is insufficient to support an ALJ's decision to rely solely on the Grids at step five despite the presence of additional limitations in the claimant's RFC. *Szukala v. Colvin*, No. 15-CV-358-FPG, 2016 WL 3267331, at *4 (W.D.N.Y. June 10, 2016) (collecting cases). Although Plaintiff does not challenge the ALJ's decision on this ground, it is important to note that the ALJ's failure to explain his decision to rely solely on the Grids constitutes legal error and means that the ALJ's determination at step five is not supported by substantial evidence. *Id.*

Here, the Social Security Administration hired Dr. Toor as a consultative physician to provide a medical source statement regarding Plaintiff's impairments and functional abilities. Tr. 355-59. After examining Plaintiff on October 5, 2011, Dr. Toor opined that Plaintiff "has moderate to severe limitation standing, walking, squatting, and heavy lifting. Pain sometimes interferes with his balance. He has moderate limitation sitting a long time." Tr. 358. Dr. Toor reached this conclusion after noting Plaintiff's subjective complaints as well as his past medical and social history, current medications, activities of daily living, and the results of a detailed physical examination. Tr. 355-59.

With respect to Plaintiff's subjective complaints, Dr. Toor noted that Plaintiff complained of chronic pain in the lower back, hips, and knees, with severe pain in his right hip and right knee and swelling in his knees at times. Tr. 355. Plaintiff described his pain as 10 on a scale of 1 to 10. *Id.* Plaintiff also stated that he loses balance and has difficulty standing, walking, sitting, bending, and lifting. *Id.*

With respect to the physical examination, Dr. Toor observed that Plaintiff's gait appeared slightly abnormal with a limp toward the left side and that Plaintiff had difficulty getting on and off the examination table. Tr. 356. The musculoskeletal portion of the exam revealed a significantly reduced range of motion in his lumbar spine, declined left hip movements because of pain, and tenderness in his hips and knees. Tr. 357. The results of a straight leg raise test were positive on both sides. *Id.* Lastly, the neurologic portion of the exam revealed an abnormality in that Plaintiff "has numbness to light touch in the lower part of the legs below the knees and the feet bilaterally." Tr. 358.

The ALJ gave Dr. Toor's medical opinion "no weight because the opinion appears to be based on unsubstantiated subjective complaints." Tr. 25. As a result, the ALJ concluded that Plaintiff retains the RFC to perform the full range of light work, without any additional

6

exertional limitations.[5]  This decision is erroneous for several reasons.  First, the ALJ's characterization of Dr. Toor's opinion is simply inaccurate.  As explained above, Dr. Toor reached his conclusion regarding Plaintiff's functional capacity after taking into account not only Plaintiff's subjective complaints, but also Plaintiff's past medical and social history, current medications, activities of daily living, and the results of a detailed physical examination.  Tr. 355-59.  The results of Plaintiff's physical exam clearly support the conclusions in Dr. Toor's medical source statement, and there is no indication at all in the record that Plaintiff's subjective complaints were given some kind of special consideration when Dr. Toor formulated his medical opinion.  *Id.*

Second, reliance on Plaintiff's subjective complaints is not a valid reason for rejecting Dr. Toor's medical opinion.  *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) (holding that a doctor's reliance on the plaintiff's subjective complaints "hardly undermines his opinion as to her functional limitations" because "a patient's report of complaints, or history, is an essential diagnostic tool") (quoting *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997)); *Hussain v. Astrue*, No. 07-CV-210C, 2008 WL 4724301, at *5 (W.D.N.Y. Oct. 24, 2008); *McCarty v. Astrue*, No. 5:05CV953LEK/GHL, 2008 WL 3884357, at *6 (N.D.N.Y. Aug. 18, 2008) ("[The doctor's] reliance on Plaintiff's subjective complaints is not a valid basis for rejecting his opinion.").

Third, the ALJ improperly and arbitrarily substituted his own lay opinion for that of Dr. Toor.  Although Dr. Toor is not entitled to the deference of a treating physician, his medical opinion must still be given appropriate weight according to the factors listed in 20 C.F.R. § 404.1527(c).  The opinions of consulting sources are entitled to more weight where, as here, the consultant directly examines the claimant.  20 C.F.R. § 404.1527(c)(1); *Smith v. Colvin*, 17 F.

---

[5]  As explained above, the ALJ did include a non-exertional limitation in his RFC determination, namely that Plaintiff "is limited to simple, repetitive and routine tasks with no more than occasional interaction with co-workers, supervisors, and the general public." Tr. 23.  Plaintiff does not challenge this aspect of the ALJ's decision.

Supp. 3d 260, 268 (W.D.N.Y. 2014). Most importantly, Dr. Toor's medical opinion regarding Plaintiff's functional capacity is not contradicted by any other medical opinion in the record. The Second Circuit has explained that when a medical opinion stands uncontradicted, "a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome it." *Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009) (quoting *Burgess*, 537 F.3d at 129). The ALJ's conclusion that Dr. Toor's opinion "appears to be based on substantiated subjective complaints" falls far short of that standard. Tr. 25.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 6, 2016
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court